UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CODI DODGE** | **DOCKET NO. 21-CV-02271** |
| **REG. # 20396-035** | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **USA, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint [doc. 4] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by plaintiff Codi Dodge, who is proceeding pro se and in forma pauperis in this matter. Dodge is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute Butner Low in Butner, North Carolina, but his claims arise out of incidents that occurred in connection with arrest which took place within the Western District of Louisiana. For reasons stated below, **IT IS RECOMMENDED** all claims against defendants Charles B. Kroger, Wesley Ashton Lewis, III, John Doe and Jane Doe be **DISMISSED**.

    **I.**    **Background**

Dodge brings the instant claims against the United States of America and individual agents of the Federal Bureau of Investigations, alleging excessive force in connection with his December 15, 2017 arrest, which took place in Breaux Bridge, Louisiana. Doc. 4, p. 2.

## II. Law & Analysis

### A. *Frivolity Review*

Dodge has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *FTCA*

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope

of his office or employment." Id. at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit).

Here, Plaintiff named FBI Agents Charles B. Kroger, Wesley Ashton Lewis, III, John Doe and Jane Doe as defendants. The agents are not proper defendants to a FTCA claim. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Accordingly, all claims against defendants A Charles B. Kroger, Wesley Ashton Lewis, III, John Doe and Jane Doe, should be dismissed.[1]

### III.     Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that all claims against Charles B. Kroger, Wesley Ashton Lewis, III, John Doe and Jane Doe be **DISMSSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted

---

[1] Claims against the United States are addressed in a separate order.

by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of November, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE