UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CODI DODGE** | **DOCKET NO. 6:21-cv-2271**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed on April 24, 2023, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure by defendant, the United States of America. Doc. 30. This motion was filed in response to the complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., by plaintiff Codi Dodge ("Dodge"). Doc. 4. Dodge filed an opposition to the defendant's motion on May 16, 2023. Doc. 32. On August 25, 2023, the Court ordered the government to reply to the plaintiff's opposition. Doc. 35. The government did so on September 25, 2023. Doc. 38. The government's motion is now ripe for review.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the defendant's Motion for to Dismiss (doc. 30) be **GRANTED** and this matter be **DISMISSED**.

I.   **BACKGROUND**

A. **Factual Background**

On December 15, 2017, the Federal Bureau of Investigation arrested Codi Dodge for violating a citizen's civil rights when he was the Deputy Chief of the St. Martinville Police Department. *See* doc. 30-1, p. 1. According to his complaint, Dodge made complaints about an

injured wrist during the arrest, and again when he arrived at the FBI Office in Lafayette. Rec. Doc. 4, ¶ 12.

On August 28, 2019, the United States Department of Justice, Office of Inspector General ("DOJ OIG") received a complaint from Mr. Dodge, alleging that his civil rights were violated by two FBI agents during his arrest. *See* doc. 30-2, Declaration of DaVon Camp and Exhibit 1 thereto. Neither the complaint Dodge sent to the DOJ OIG, nor the medical records that he attached to his complaint, allege any amount of damages he is owed. *Id*. The DOJ OIG forwarded Dodge's complaint to the FBI. *Id*. at ¶ 6.

The FBI received the entirety of Mr. Dodge's claim documents from the OIG on or around November 8, 2019. Doc. 30-3, Declaration of Heather Butters. The FBI Initial Processing Unit ("IPU") within the Inspection Division reviewed Mr. Dodge's allegations and on July 17, 2020, sent Dodge a letter informing him that an investigation was unwarranted in this matter. *Id*. at ¶ 7. Dodge asserts that the letter was neither sent by certified or registered mail nor mailed within the six-month disposition deadline, as set forth by 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a). The government does not dispute this allegation.

On December 29, 2020, Dodge filed an administrative claim with the FBI's Inspection Division using the Standard Form 95 (SF 95). Doc. 4, p. 5, ¶ 20. The SF 95 and its attachments were forwarded to the FBI Office of General Counsel on January 11, 2021. Doc. 30-4. On April 20, 2021, the FBI mailed a letter, via certified mail, to Dodge, informing him that his Federal Tort Claims Act ("FTCA") claim was denied. Doc. 4-1, p. 24.

Dodge filed the instant lawsuit on or about August 13, 2021.

## II.   LAW & ANALYSIS

### A. Legal Standards

#### 1. 12(b)1 Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may be treated as either a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) *cert. denied*, 102 S.Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *See Spector v. L Q Motor Inns, Inc.,* 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413 (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 844, 891 (3rd Cir. 1977)).

The district court has the ability to dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413.  If dismissal is sought for a jurisdictional defect that centers upon the lack of congressional waiver of the government's sovereign immunity, resolution is never appropriate byway of summary judgment, but must be resolved by way of a motion to dismiss for lack of subject matter jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156-57 (5th Cir. 1981).

#### 2.  FTCA

Presentment of a claim to the appropriate agency and denial of that claim by the agency in writing, sent by registered or certified mail, are prerequisites to a tort suit brought against the

United States. 28 U.S.C. § 2675(a). "Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." 28 C.F.R. § 14.9(a). If the agency fails to dispose of the claim within six months of filing, the claimant has the option, any time thereafter, to deem a final denial of the claim for purposes of § 2675(a). 28 U.S.C. § 2675(a).

The statute of limitations for a tort claim against the United States provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). It is well-settled that these limitation periods are jurisdictional. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), cert. denied, __ U.S. __, 117 S. Ct. 295 (1996); *Houston v. United States Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006, 108 S. Ct. 1470, 99 L. Ed. 2d 699 (1988).

### 3. *Application*

In support of its motion, the government argues that Dodge's administrative claims do not satisfy his burden under 28 U.S.C. § 2675 to confer subject matter jurisdiction in the present suit. Specifically, while the government concedes that Dodge submitted his first administrative claim on August 28, 2019, within two years of his arrest and when he first discovered his alleged injury, it was not only forwarded to the wrong agency (DOJ OIG), but it did not contain a sum certain amount of alleged damages.

Mr. DaVon B. Camp's declaration, attached in support of the government's motion, attests to the fact that the complete copy that the DOJ OIG received only contained Dodge's "Complaint Concerning Violation of Civil Rights or Civil Liberties by a DOJ Employee," with seven pages of medical record excerpts from Louisiana Orthopedic Specialists. *See* doc. 30-2, Declaration of DaVon Camp and Exhibit 1, attached thereto.  Moreover, it is undisputed that neither the body of Dodge's complaint, nor the attached medical record excerpts contained any sum of damages.

Dodge first argues that his claim provided notice of his injuries, via his medical records, as well as notice that the costs for his examination was not paid by an insurance policy, but rather "self pay" and under the Fifth Circuit's "liberal sum certain standard…was adequate to provide the agency 'sum certain' notice." Motion to Dismiss, doc. 32, p. 7.  However, there is no evidence that plaintiff provided the agency with a damages amount, much less facts from which it could have estimated the value of his claim.  The medical records attached only establish that Dodge's right wrist was fractured.  It was not possible for DOG OIJ to put a value on the claim with such vague information.  See *Wardsworth v. United States*, 721 F.2d 503 (5th Cir. 1983).

Next, Plaintiff argues that the SF-95 filed on December 29, 2020, which includes a proper sum certain and medical bills accompanying his filing, serves as an amendment to his August 28, 2019, Complaint. Doc. 32, p. 7. However, the government argues, and the Court agrees, that this SF-95 cannot relate back to the August 2019 claim because the August 2019 claim was never properly presented.

A claim is not "presented" to an agency until that agency has received both notice of the injury and a demand of the "sum certain," after which point the six-month exhaustion period

begins, and no earlier. 28 C.F.R. § 14.2. The language of 28 C.F.R. § 14.2 is clear: "a claim shall be deemed to have been presented when a Federal agency receives ... written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2 (emphasis added). As interpreted by the Fifth Circuit, this language requires that both notification and the "sum certain" must be provided before a claim is "presented." E.g., *Martinez v. United States,* 728 F.2d 694, 697 (5th Cir. 1984) ("[P]resentation of a claim including 'a sum certain' is a jurisdictional requirement."). The government asserts correctly that the current law does not forbid amendment of a claim within the statute of limitations period, but what is clear is that the six-month exhaustion period does not begin until an agency has received notification of both the incident and the sum certain.

In support of his argument that his 2020 SF-95 operates as an amendment, Plaintiff cites to *Williams v. United States,* 693 F.2d 555 (5th Cir. 1982). In *Williams*, the plaintiff, who was struck by a USPS vehicle, filed a negligence action in Louisiana state court, which described property damage to the plaintiff's car, along with a list of damages which plaintiff sought to recover for personal injuries. *Id*. The complaint was referred to an assistant U.S. attorney in the Western District of Louisiana, who informed the plaintiff of the requirements of the FTCA. *Id*. The plaintiff subsequently dismissed his state court suit and filed an administrative claim using an SF-95. *Id*. However, in the SF-95, plaintiff failed to provide or demand any specific sum for his personal injuries, or a total amount claimed, despite doing so in his state court complaint. *Id*. The Fifth Circuit declined to dismiss plaintiff's claim. It concluded that the plaintiff's initial state court filing, in addition to the SF-95, was sufficient to satisfy the presentment requirements for the purposes of the FTCA. *Id*. at 558.

The Court agrees with the defendant's contention that the facts at issue here do not implicate *Williams*. Unlike *Williams*, at no point prior to December 29, 2020, three (3) years past the allegedly negligent conduct, did Doge specify, or even reference, *any* amount of damages sought. The state court complaint in *Williams* "described the property damage to Williams' car, contained an itemized listing of damages which Williams sought to recover for personal injuries suffered as a result of the accident, and specified that the total amount of damages sought was $218,000." *Id*. at 556. For these reasons, the claim made by Williams in the state court suit was properly presented to the agency, and capable of being supplemented. Here, Plaintiff's original Complaint on August 28, 2019, failed to include any sum certain at all. As such, it was not properly presented in the first place.

### III. CONCLUSION

Dodge failed to present a sum-certain damages amount in his administrative claims in a timely manner, and therefore failed to comply with the FTCA's requirements that would establish subject matter jurisdiction within this Honorable Court. As such, Mr. Dodge's claims should be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(1) due to a lack of subject matter jurisdiction.

Accordingly,

**IT IS RECOMMENDED** that the defendant's Motion to Dismiss (doc. 30) be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that all pending motions be dismissed as **MOOT.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the

proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      THUS DONE AND SIGNED in chambers this 28th day of February, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**