UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CODI DODGE**                                          **DOCKET NO. 6:21-cv-2271**
                                                                                    **SECTION P**

**VERSUS**                                                     **JUDGE ROBERT R. SUMMERHAYS**

**UNITED STATES OF AMERICA**                   **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment filed on August 21, 2023, by the plaintiff, Codi Dodge. Doc. 33. Dodge asserts that there is no genuine issue of material fact as to the claims raised in his complaint. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Where the pleadings and evidence show that no genuine issue of material fact exists, the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id*.

The movant "bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of [the record] . . . [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant will have the burden of proof on a claim or defense at trial, he "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One. Tex., N.A. v. Prudential Ins. Co. of Am.,* 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986)). "The court has noted that the 'beyond

peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923-24 (N.D. Tex. 2009) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 U.S. Dist. LEXIS 62105, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)).

In considering a summary judgment motion, courts must view all facts and inferences in the light most favorable to the non-moving party and resolve any disputed material facts in that party's favor. *Anderson*, 477 U.S. at 255; *Boudreaux v. Swift Tramp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Where, as here, a plaintiff files a motion for summary judgment, he essentially "takes the position that he is entitled to prevail as a matter of law because the opponent has no valid . . . defense to the action." l0A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2711 (4th ed. Apr. 2022 Update).

The Court agrees with the defendant's argument that plaintiff's motion is unsupported by any summary judgment evidence. *See* rec. doc. 39. Rather, plaintiff's motion refers only to conclusory allegations made in his complaint. Unsupported allegations are insufficient to either support or defeat a motion for summary judgment. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *op. revised in other part*, 70 F.3d 26 (5th Cir. 1995) (citing *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Nectoux v. Pennzoil Co.,* 31 Fed. Appx. 160, at *2 (5th Cir. 2001); *Newkirk v. Keyes Offshore, Inc.,* 782 F.2d 499, 502 (5th Cir. 1986)). Since Plaintiff has not carried his initial burden of identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact, he is not entitled to a summary judgment in his favor.

Moreover, in light of the pending recommendation on defendants' motion to dismiss the entire suit under FRCP 12(b)(1) (rec. doc. 46), plaintiff's motion should be denied as premature.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment (doc. 33) be **DENIED** without prejudice to plaintiff's right to re-urge at a later date if warranted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 4th day of March, 2024.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**